UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL EZELL, | : | Civil Action No. 4:09-CV-01774 |
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| RICARDO MARTINEZ, Warden, | : | |
| Respondent. | : | |

**MEMORANDUM**

December 22, 2009

**BACKGROUND:**

Jamal Ezell, an inmate presently confined at the Allenwood United States Penitentiary ("USP-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. No. 1). Named as respondent is USP-Allenwood Warden Ricardo Martinez. Petitioner claims that the district court erred when it ordered him to pay restitution and did not specify how and when such restitution payments were to be made. Id. at 1. Petitioner also claims that the court improperly omitted on the record the fact that it had considered his ability to pay when it determined the restitution payment schedule. Id. at 2. As a result, petitioner contends that the court improperly delegated its duty to the Bureau of

Prisons ("BOP"), pursuant to § 206 of the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664(f) ("MVRA"), to prescribe how and when restitution payments are to be made. Id. at 3.

In light of the above, petitioner requests that the respondent cease the collection of any restitution payments. Id. In addition, the petitioner requests that he be identified as "IFRP-Exempt." Id.

Respondent filed his response to the petition on October 21, 2009. (Rec. Doc. No. 4). The petitioner has not filed a traverse. As such, the matter is ripe for disposition, and we will dismiss the petition for habeas corpus without prejudice.

**DISCUSSION:**

Respondent argues that petitioner has failed to exhaust his administrative remedies. An inmate in an institution operated by the Bureau of Prisons ("BOP") is to follow the BOP's administrative remedy procedure regarding complaints. See 28 C.F.R. 542.10, et seq. According to precedent established by the Court of Appeals for the Third Circuit, claims raised pursuant to § 2241 are subject to an exhaustion requirement. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 759 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United

States Parole Com., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds").

In order to exhaust administrative remedies, an inmate must comply with a number of requirements. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. 542.13(a). Second, if informal resolution is unsuccessful, then the inmate must submit a formal, written Administrative Remedy Request within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14(a). Third, if the Warden's response to such a request does not satisfy the inmate, the inmate may submit an appeal to the proper Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. 542.15(a). Fourth, the inmate is entitled to appeal to the General Counsel at the BOP Central Office within 30 days if the inmate believes that the BOP Regional Director's response is unsatisfactory. Id. "Appeal to the General Counsel is the final administrative appeal." Id.

Ezell has failed to file any administrative remedies that relate to the instant petition for habeas relief. (Rec. Doc. No. 4 at 7). Although Ezell has in fact filed five administrative remedies while in the custody of the BOP, none of these

remedies relates to the instant petition.  Id.  Therefore, we must conclude that Ezell has failed to exhaust the administrative remedies available to him and, as such, we will dismiss his petition for habeas relief pursuant to § 2241.[1]

**CONCLUSION:**

In light of the above, we conclude that Ezell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be dismissed, as he has failed to exhaust the administrative remedies available to him under 28 C.F.R. 542.10, et seq.

                                                  s/James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge

---

[1] Because we conclude that Ezell has not exhausted his available administrative remedies, we need not address the Government's alternative argument that Ezell's petition should be dismissed because his petition fails to present an active case or controversy.  (Rec. Doc. No. 4 at 10-12).

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL EZELL, | : | Civil Action No. 4:09-CV-01774 |
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| RICARDO MARTINEZ, Warden, | : | |
| Respondent. | : | |

**ORDER**

December 22, 2009

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is DISMISSED. (Rec. Doc. No. 1) for failure to exhaust administrative remedies.

2. The clerk is directed to close the case file.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge